

## U.S. Department of Justice
United States Attorney
Eastern District of Louisiana

| | | |
|---|---|---|
| *Matthew R. Payne*<br>*Assistant United States Attorney* | *The Poydras Center*<br>*650 Poydras Street, Suite 1600*<br>*New Orleans, Louisiana 70130* | *Telephone: 504-680-3081*<br>*Fax: 504-589-4395* |

June 25, 2025

Honorable Carl J. Barbier
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Rm. C256
New Orleans, Louisiana 70130

      Re:    United States v. Murex Management, Inc.
              Criminal Docket No. 25-134 "J"(2)

Dear Judge Barbier:

In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government wishes to acknowledge the following agreement between the government and Murex Management, Inc. (the "Defendant") in the above-captioned proceeding. Defendant's undersigned counsel, Jeff Ansley, Arianna G. Goodman, and Katherine M. Devlin, have reviewed the terms of this agreement and have been advised by the Defendant that the Defendant fully understands the terms of this agreement.

The Defendant has agreed to plead guilty to the sole count of the Bill of Information in this matter, which charges the Defendant with aiding and abetting a violation of Title 18, United States Code, Section 1005, in violation of Title 18, United States Code, Section 2.

The government has agreed that should the Court accept the Defendant's plea of guilty to the sole count of the Bill of Information, the government agrees that it will not bring any other charges in the Eastern District of Louisiana against the Defendant arising from the Defendant's violations of federal law prior to the date of this agreement, as long as the Defendant has reasonably and truthfully informed law enforcement officers of the full and complete details of those crimes prior to its guilty plea in this case. In exchange for the Defendant's guilty plea, and the promises set forth herein, the United States Attorney's Office for the Eastern District of Louisiana further agrees to forgo additional criminal prosecution in the Eastern District of Louisiana against non-

AUSA
Defendant
Defense Counsel

defendants Murex LLC, or any current or former owners, executives, officers, board members, or employees of the Defendant or Murex LLC, for the offenses set forth in the Bill of Information. Defendant understands and agrees that neither this paragraph nor this Agreement limits the prosecuting authority of any other sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including, but not limited to: fines, penalties, claims for damages, suspension, debarment, listing to restrict rights and opportunities of the defendants to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Agreement applies only to the Defendant and has no effect on any proceedings against any defendant or non-defendant not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

The Defendant further understands that the maximum penalty Defendant may receive should its plea of guilty be accepted is a fine of $1,000,000.00, or the greater of twice the gross gain to the Defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571. The government and Defendant agree that a fine of $6,073,049.24 is appropriate in this case, and the Defendant agrees that it will pay this fine on or before the date of sentencing.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. Specifically, restitution in the amount of $4,263,145.30 shall be paid to the Federal Deposit Insurance Corporation as Receiver for First NBC Bank, and restitution in the amount of $5,409,651.56 shall be paid to First National Bank of Pennsylvania. The Defendant agrees that the full amount of restitution is due and payable in full on or before the date of sentencing in this case. The Defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that Defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this plea agreement, including but not limited to collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, 18 U.S.C. § 3664 or 18 U.S.C. § 3613.

Further, the Defendant understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on or before the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The government and Defendant agree that no forfeiture pursuant to 18 U.S.C. 981, *et seq.*, 18 U.S.C. 982, *et seq.*, or otherwise will be owed by or sought from the Defendant relating to the conduct that is the subject of the Bill of Information and this agreement as long as the agreed fine and restitution amounts set forth in this agreement are paid at or before sentencing.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal its conviction,

AUSA _____
Defendant _____
Defense Counsel _____

sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that it may have the right to file collateral challenges to its conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the Defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.      Waives and gives up any right to appeal or contest its guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b.      Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which its sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c.      Waives and gives up any right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to its sentence of any kind; and

d.      The Defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The Defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The Defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the government and the Defendant agree that the appropriate fine and restitution in this case is as set out above. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreed fine, restitution, and inapplicability of forfeiture upon payment of the agreed fine and restitution, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory sentencing guidelines.



AUSA
Defendant
Defense Counsel

The Defendant understands that the Court may accept or reject the Rule 11(c)(1)(C) agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report as provided for in F.R.Cr.P. 11(c)(3)(A). The parties further agree that should the Court not abide by this agreement, the Defendant or the Government has the option of declaring this plea agreement null and void.

The Defendant understands that any discussions with Defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions except as stated above pursuant to the Federal Rule of Criminal Procedure 11(c)(1)(C). The Defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The Defendant understands the Court could impose the maximum term of imprisonment allowed by law, including the imposition of supervised release. The Defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the Defendant agrees to knowingly, voluntarily, and expressly waive its rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The Defendant understands and agrees that in the event the Defendant violates the plea agreement, withdraws its decision to plead guilty, its guilty plea is later withdrawn or otherwise set aside, any statements made by the Defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the Defendant during any court proceeding involving the Defendant's plea of guilty, including any factual bases or summaries signed by the Defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the Defendant in any and all criminal proceedings.

The Defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of its conviction will be immediately submitted to the Treasury Offset Program. The Defendant waives any objection to its inclusion in the Treasury Offset Program.

AUSA
Defendant
Defense Counsel

The Defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represent the Defendant's entire agreement with the government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY

MATTHEW R. PAYNE
Assistant United States Attorney

NICHOLAS D. MOSES
Assistant United States Attorney

JEFF ANSLEY                        7/10/2025
ARIANNA G. GOODMAN                 Date
KATHERINE M. DEVLIN
Attorneys for Murex Management, Inc.

RUSSELL EDEN                       7/10/2025
On Behalf of Murex Management, Inc., Defendant    Date